# Exhibit A

21A01743

No. _____

Date Summons Issued and Filed
4/9/2021

_____Siana Smith_____
Deputy Clerk

Deposit Paid $_____

[ ]   **Answer**
[ ]   **Jury**

## STATE COURT OF DEKALB COUNTY
## GEORGIA, DEKALB COUNTY

### SUMMONS

WAAZEER NELLDELL
c/o Skaar & Feagle, LLP
133 Mirramont Lake Drive, Woodstock, GA 30189
(Plaintiff's name and address)

**vs.**

MSI CREDIT SOLUTIONS, LLC
c/o its registered agent Ricardo Mendiola
14185 N. Dallas Parkway, Ste 500, Dallas, TX 75254
(Defendant's name and address)

## TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of State Court, Suite 230, 2ⁿᵈ Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the Plaintiff's attorney, to wit:

Justin T. Holcombe
Georgia Bar No. 552100
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
(770) 427-5600

an **ANSWER** to the complaint which is herewith served upon you, within 30 days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus costs of this action.)

---

Defendant's Attorney

_____

_____

Address

Phone No. _____ Georgia Bar No. _____

Third Party Attorney

_____

_____

Address

Phone No. _____ Georgia Bar No. _____

---

### TYPE OF SUIT

☐ Account           ☐ Personal Injury
☐ Contract          ☐ Medical Malpractice
☐ Note              ☐ Legal Malpractice
☐ Trover            ☐ Product Liability
                    ☐ Other

Principal    $ _____

Interest     $ _____

Atty Fees    $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

STATE COURT OF
DEKALB COUNTY, GA.
4/8/2021 6:04 PM
E-FILED
BY: Siana Smith

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

WAAZEER NELLDELL,                          :
                                           :
    Plaintiff,                             :
                                           :        Civil Action File No.
                                           :
v.                                         :        _____21A01743_____
                                           :
MSI CREDIT SOLUTIONS, LLC,                 :
Sometimes d/b/a HomePath 360              :        **JURY TRIAL DEMANDED**
                                           :
    Defendant.                             :
_____:

## CLASS ACTION COMPLAINT

Plaintiff Waazeer Nelldell ("Plaintiff") brings the following claims against

Defendant MSI Credit Solutions, LLC ("MSI") on behalf of himself, the Class set

forth below, and in the public interest.

## INTRODUCTION

1.    This Class Action Complaint seeks redress and damages for MCI's

willful failure to follow federal laws designed to protect consumers from

inaccurate, misleading, and manifestly improper consumer reporting practices.

2.    Specifically, Plaintiff brings this Class Action Complaint on behalf of

the consumers and employees who were affected by MSI's failure to comply with

1

the disclosure requirements under the Fair Credit Reporting Act, 15 U.S.C. §§
1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1.    Defendant transacts business by soliciting credit repair clients across
the country, including within the state of Georgia, and is subject to the
jurisdiction and venue of this court.

2.    Other defendants may be discovered in the course of litigation. As
such, Plaintiff respectfully requests that this Court permit the addition of later
discovered Defendants upon motion.

## THE PARTIES

3.    Plaintiff is a natural person residing in Decatur, Georgia (DeKalb
County), and is authorized by law to bring this action.

4.    MSI may be served by personal service upon its current registered
agent in Texas, to wit:  Ricardo Mendiola at 14185 N. Dallas Parkway, Suite 500,
Dallas, Texas 75254.

5.    Alternatively, MSI may be served by personal service upon an
officer or other authorized agent at its principal place of business, to wit:  12790

2

Merit Drive, Suite 614, Dallas, Texas, 75251.

6.    MSI is a Limited Liability Company formed in Dallas, Texas in 2006 which uses "consumer reports" for "employment purposes", as those terms are defined by 15 U.S.C. § 1681a(d) and (h).

## STATEMENT OF FACTS

7.    MSI is in the business of consumer credit repair and mass markets itself to consumers across the country as a credit repair and restoration company that claims on its homepage to "leverage[] your consumer rights and work[] on your behalf to remove questionable negative items from your credit report which results in an increase in your credit scores." *See* www.msicredit.com [last visited on March 16, 2021]

8.    Despite holding itself out to consumers as a champion for their rights under federal consumer law, MSI's employment practices relating to background check procedures during the hiring phase, routinely and systematically violate these same federal consumer reporting laws that their credit repair business is built on.

9.    Plaintiff was an employment candidate of MSI, which actively recruits employee candidates such as plaintiff from across the country.

3

10.     Like thousands of employers across the United States, MSI routinely obtains and uses consumer reports to evaluate prospective and existing employees and relies on such information in whole or in part, as a basis for adverse employment action, e.g., failure to hire, failure to promote, security clearance and termination decisions.

11.     Recognizing that people's ability to obtain employment depends on the accuracy of consumer reports, Congress has chosen to regulate the procurement, use, and content of these reports through the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. [1]

12.     The FCRA is Congress's effort to ensure that employers use consumer report information in a manner that is "fair and equitable to the consumer." *Id.*

13.     Among other things, the FCRA regulates the nature of the disclosure employers must provide to consumers before procuring consumer reports on

---

[1] *See Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001), *quoting* 116 Cong. Rec. 36570 (1970) ("…with the trend toward…the establishment of all sorts of computer data banks, the individual is in great danger of having his life and character reduced to impersonal 'blips' and key-punches in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable.").

4

them and before taking adverse action based on the contents of such reports. *See* 15 U.S.C. § 1681b(b)(2); 15 U.S.C. § 1681d(a)(1)(b); and 15 U.S.C. § 1681b(b)(3).

14.     The FCRA gives consumers the right to obtain copies of their consumer reports because Congress deemed that it is critical that consumers are aware that if an employer intends to procure a report or has already procured a report and plans to take adverse action based on the report's contents, that the consumer can review the report to ensure it does not contain any errors.  These disclosure requirements under the FCRA are particularly important to consumers because consumers need to know when and how they are going to be evaluated for employment based on a consumer report.

15.     The FCRA mandates that an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless…a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of a disclosure*, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

16.     MSI did not provide the necessary disclosures to its prospective employees such as Plaintiff and other members of the Class in a format that is

compliant with 15 U.S.C. § 1681b(b)(2)(A)(i).

17.    Additionally, MSI also failed to provide Plaintiff with the necessary disclosures required by 15 U.S.C. § 1681b(b)(3)(A).

18.    Specifically, 15 U.S.C. § 1681b(b)(3)(A) requires employers provide the applicant with a copy of the consumer report together with a written description of the consumer's rights authored by the Consumer Financial Protection Bureau *before* taking adverse action such as delaying or denying employment based in whole or in part on the consumer report.

19.    By not providing the consumer report and statement of rights prior to taking adverse action against Plaintiff and other members of the prospective class, MSI removed any meaningful and timely opportunity for employees or prospective employees such as Plaintiff and other members of the Class to correct errors or misunderstandings contained in their consumer report or to provide context for potential derogatory information before adverse action was taken.

20.    During the Background screening process, MSI obtained investigative consumer reports on Plaintiff which was not publicly available.

21.    Whenever an investigative consumer report is obtained on a consumer during a company's employment process, the FCRA imposes

additional disclosure requirements.

22.    The FCRA defines an investigative consumer report as a consumer report "in which the consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristic, or mode of living is obtained through personal interviews with neighbors, friends, or associate of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information." 15 U.S.C. § 1681a(e).

23.    In such cases, the employer or prospective employer's disclosure must contain, *inter alia*, "…a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title…" 15 U.S.C. § 1681d(a)(1)(B). Such additional disclosures allow consumers to request more information about the "nature and scope of the investigation requested." 15 U.S.C. § 1681d(b).

24.    MSI did not provide the additional disclosure required by 15 U.S.C. § 1681d(a)(1)(B) when it obtained investigative consumer reports on Plaintiff and the other members of the Class.

25.    On numerous occasions, MSI rejected Plaintiffs requests for more

7

information about the source, content and scope of the information they obtained

on him and also rejected his requests for a copy of any reports they relied on in

taking the adverse employment decision.

26.    MSI's has an objective and demonstrated pattern and practice of

conduct that violates multiple sections of the FCRA and who's conduct has

consistently undermined Congress' intention to strike a balance between

consumer and business interests and unlawfully places their own business

interests above the rights of consumers.

27.    Based on MSI's conduct, Plaintiff asserts multiple FCRA claims on

behalf of himself, as well as a class of former, prospective, and existing MSI

employees that are more specifically defined below, and the general public for

which the FCRA was designed to protect.

28.    On behalf of himself, the Class, and the general public, Plaintiff

seeks statutory damages, punitive damages, attorneys' fees, litigation expenses

and costs, along with all other available relief this Court deems just and

appropriate.


**PLAINTIFF NELLDELL'S EMPLOYMENT EXPERIENCE**

29.    Plaintiff applied for a position with MSI on or about August 27,

8

2020.

30.  MSI's Employment Application asks applicants to provide background information such as their name, contact information, education, training, and any employment history.

31.  One question asked applicants whether they had ever been convicted of a criminal offense. Plaintiff truthfully answered that he had never been convicted of either a felony or misdemeanor.

32.  On the last page of the application, there is a document titled "Background Investigation Policy Pre-Employment Acknowledgement Form" that informs applicants that their application will not be considered unless they consent to a background check. *The form does <u>not</u> consist solely of a disclosure* that the consumer report will be procured for employment purposes as required by the FCRA. *Instead, the form includes the following release*:

> As a part of its employment screening and selection procedures, MSI Credit Solutions, [sic] requires that a background investigation and a check for references be conducted pre-employment and [at] random.
>
> I give MSI Credit Solutions, [sic] permission and authority to conduct a background investigation that may include, but is not limited to, information as to my personal current activities. I understand and consent to an investigation that may include[,] but [is] not limited to[,] my personal character, general reputation, verification of previous employment and employment references, criminal records and other information contained in public records.

> I authorize and request any former Employers, Police Departments, States, Cities and Counties or any other Person to Furnish [sic] MSI Credit Solutions, [sic] information relevant to this investigation.
>
> I hereby release all Persons, Companies, Corporations or Individuals from all liability and responsibility that may result from providing MSI Credit Solutions, [sic] with such information as requested.

(Exhibit B, ¶¶ 1-4) (grammatical errors were contained in the original document).

33.    MSI's form not only fails to serve as a stand-alone disclosure as required by the FCRA, but its inclusion of a purported release of liability in a document that is supposed to consist solely of a disclosure is anathema to the purpose of the FCRA's disclosure requirement.

34.    The Defendants failure to provide a clear and conspicuous written disclosure deprived the Plaintiff of his rights to both information and privacy which are protected by the FCRA.

35.    The inclusion of the waiver distracted Plaintiff from fully comprehending the required disclosure.

36.    The inclusion of the waiver confused the Plaintiff and diluted the meaning of the required disclosure.

37.    The inclusion of the disclosure itself as part of a multi-item subpart of multi-page employment contract, made the disclosure mandated by the FCRA

more confusing.

38.    The Plaintiff would not have signed the waiver if MSI had not placed in the authorization form it provided him a statement which mandated acceptance to continue with the employment process.

39.    The   form disclosed to Plaintiff that the report would be an investigative consumer report by virtue that it included information pertaining to his "personal current activities" and his "personal character, general reputation, verification of previous employment and employment references, criminal records and other information contained in public records," however, it did not contain any statement about Plaintiff's right to request additional disclosures and a written summary of his rights under the FCRA or any additional information which would inform Plaintiff about the nature and scope of the investigative report.

40.    On or about September 1, 2020, Plaintiff received an email from MSI stating that it would no longer consider him for a position with MSI because of a failed background check. The email stated as follows:

Waazeer,

I wanted to thank you for taking the time to apply with MSI Credit Solutions. Unfortunately [sic] after careful discussion we have decided we will not be moving forward in the process with you for this role due to a

11

failed Criminal Background Check. We will keep your application on file for the next 90 days. Thanks again for your interest in working for MSI Credit Solutions. We will be sure to keep you in mind if anything changes in the future.

Take care,
MSI Recruiting

(Exhibit C).

41.    MSI did not provide Plaintiff with a copy of his consumer report or any explanation of what disqualifying information MSI found in it. Indeed, Plaintiff has no reportable criminal conviction history and could not understand why he was denied employment and was concerned that MSI relied on inaccurate information.

42.    Plaintiff was left to speculate about what adverse and inaccurate information was being reported about him. Plaintiff suspected that he was the victim of the inaccurate reporting of a prior arrest that resulted in a disposition without a conviction under Georgia's First Offender Act [which itself was specifically enacted to protect people accuses of minor first offenses from being blackballed by prospective employers], but he could not be sure without a copy of consumer report as required under 15 U.S.C. § 1681b(b)(3).

43.    Plaintiff did not receive a timely copy of the report and even as of

the filing of this Complaint, Plaintiff does not know the contents of the consumer report that MSI relied on to deny him employment.

44.    Furthermore, Plaintiff was never given the opportunity to understand what information was included in his report or how such information was collected before MSI took adverse action by emailing him to let him know that MSI would no longer move forward with his application.

45.    This practice of separating consumer from knowledge relied on by employers, violates fundamental protections afforded to job applicants under the FCRA, and runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal conviction record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." *See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

13

46.    A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report must provide the report relied on to the consumer before taking any adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or alternatively, to give them a chance to discuss the report with the prospective employer before any final adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken.").

47.    Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. November 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. January 11, 2008) (quoting Williams). In *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their credit report at least five days before being notified that the employer might take adverse action.

14

48.    By means of these cases and others construing § 1681b(b)(3)(A), MSI had substantial notice that its conduct violated the FCRA.

49.    By failing to provide Plaintiff with a copy of the consumer report prior to taking adverse action against him based on the report, MSI willfully disregarded the case law, regulatory guidance, and the plain language of the FCRA, § 1681b(b)(3)(A).

50.    MSI's conduct toward Plaintiff and the proposed class members was the result of its own deliberate and intentionally policies and practices and was taken in reckless disregard for a consumer's rights under the FCRA. These actions created an unjustifiably high risk of harm toward consumers when information is false or inaccurate as it was in Plaintiff's case.

51.    MSI was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of MSI.

52.    MSI's sole business involves credit repair which involves the need for understanding and compliance with the Fair Credit Reporting Act, which demonstrate that MSI's violations were willful, and it acted in deliberate or reckless disregard of its obligations under U.S.C. §1681b(b)(2)(A)(i).

53.    MSI's willful conduct is reflected in part by, *inter alia*, the following:

a.  MSI's conduct was inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

b.  As a consumer repair and restoration company that markets its services to consumers by claiming that it "leverages your consumer rights and works on your behalf to remove questionable negative items from your credit report...," MSI's entire business model revolves around credit reporting issues, which is governed by the FCRA. It should know the laws of its own industry.

c.  In fact, MSI posts several blogs and other educational resources to inform consumers of their rights under other federal consumer laws.[2]

d.  MSI repeatedly and routinely uses the same disclosure it used in this case to procure consumer reports;

e.  MSI's inclusion of a release of claims implies awareness by MSI that it could be held liable for improperly procuring a consumer report;

f.  Despite the clear statutory text and there being a wealth of compliance guidance, MSI systematically procured consumer reports without first providing a clear and conspicuous written disclosure to the

---

[2] https://msicredit.com/educational/

consumer, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes; and

g. By adopting such a policy, MSI willfully violated the FCRA.

## CLASS ALLEGATIONS

54.    Pursuant to Rule 23(a), Plaintiff asserts his claim on behalf of the Class of all individuals on whom MSI procured consumer reports for employment purposes in the period beginning five years prior to the filing of this Complaint and continuing through the date the Class list is prepared.  The class includes three subclasses which are defined as follows:

55.    The NOTICE SUBCLASS means all consumers to whom MSI did not provide a clear and conspicuous disclosure in writing that a consumer report may be obtained for employment purposes in a document that consists solely of the disclosure during the five-year period preceding the filing of this action and during its pendency.

56.    The ADVERSE ACTION SUBCLASS means all consumers for whom MSI allegedly may have denied or delayed employment based in whole or in part on a consumer report without first providing the consumer with a copy of their consumer report, a written summary of the consumer's rights under the

FCRA and a meaningful opportunity to address or dispute the report before denying or delaying employment during the five-year period preceding the filing of this action and during its pendency.

57.    The INVESTIGATIVE REPORT SUBCLASS means all consumers for whom MSI procured an investigative report without first providing Plaintiff and any class member a disclosure that included a statement informing them of their right to request additional disclosures as to the nature and scope of the investigative report during the five-year period preceding the filing of this action and during its pendency.

**Numerosity. Rule 23(a)(1):** The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is currently known only to MSI, MSI regularly uses its non-compliant disclosure to procure consumer reports on current and prospective employees and relies on such information, in whole or in part, as a basis for taking adverse action without first providing the employee or prospective employee with a copy of the report and a written summary of their rights under the FCRA.

33.    **Commonality. Rule 23(a)(2):** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, but

are not limited to:

    a.  Whether MSI procured consumer reports on prospective and current employees;

    b.  Whether MSI violated the FCRA by procuring consumer reports without a disclosure that was FCRA compliant;

    c.  Whether MSI violated the FCRA by taking adverse action against Plaintiff and members of the Class based on information in a consumer report, without first providing a copy of the report and the written description of FCRA rights to those persons;

    d.  Whether MSI's violations were willful;

    e.  The proper measure of statutory damages; and

    f.  The proper measure of punitive damages.

34.   **Typicality. Rule 23(a)(3):** Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories. MSI typically uses consumer reports to conduct background checks on prospective employees without clear and conspicuous disclosure. MSI also typically does not provide copies of consumer reports to prospective employees before taking adverse action based on information in such reports.

35.   **Adequacy. Rule 23(a)(4):** Plaintiff will fairly and adequately protect

the interests of the Class and has retained counsel experienced in handling complex class action claims under the FCRA.

36. **Predominance and Superiority. Rule 23(b)(3).** This action should be maintained as a class action because questions of law and fact common to the Class predominate over any questions affecting only individual Class members, and because a class action is a superior method for the fair and efficient adjudication of this controversy. MSI's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against MSI, as the amount of each Class member's individual claim is relatively small compared to the expense and burden of individual prosecution of a case involving these violations. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning MSI's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

37.     Plaintiff intends to send notice to all members required by Rule 23. The names and addresses of the Class members are available from Defendant's records.

## CLAIMS FOR RELIEF

### COUNT ONE: Procuring Consumer Reports Without Providing a Stand-Alone Disclosure
### 15 U.S.C. §1681b(b)(2)(A)(i)

38.     Plaintiff and the Class members re-allege and incorporate by reference all of the preceding allegations of law and fact contained in this Complaint that preceded this count for relief as if fully set forth herein.

39.     MSI procured consumer reports for employment purposes on Plaintiff and all Class members. These reports were procured without first providing Plaintiff or any Class member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of U.S.C. §1681b(b)(2)(A)(i).

40.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. §1681n(a)(1)(A).

41.    Plaintiff and Class are entitled to punitive damages in an amount to be determined by the jury, pursuant to 15 U.S.C. §1681n(a)(2).

42.    Plaintiff and Class are entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**COUNT TWO: Taking Adverse Action Based in Whole or in Part from the Content of a Consumer Report Without First Providing a Copy of the Report and a Written Description of Rights Under the FCRA**
**15 U.S.C. §1681b(b)(3)(A)(i)**

43.    Plaintiff and the Class members re-allege and incorporate by reference all of the preceding allegations of law and fact contained in this Complaint that preceded this count for relief as if fully set forth herein.

44.    MSI procured consumer reports for employment purposes on Plaintiff and all Class members. After procuring these consumer reports,[3] MSI then took adverse action against Plaintiff and other Class members based in whole or in part from the content of these consumer reports without first providing the Plaintiff or other Class members with a copy of the report and a written description of their rights under the FCRA in violation of U.S.C. §1681b(b)(3)(A)(i).

45.    MSI's violations were willful. MSI acted in deliberate or reckless

_____

[3] MSI does not disclose who creates the consumer report.

disregard of its obligations and the rights of Plaintiff and other Class members under U.S.C. §1681b(b)(3)(A)(i).

46.    Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. §1681n(a)(1)(A).

47.    Plaintiff and Class are entitled to punitive damages in an amount to be determined by the jury, pursuant to 15 U.S.C. §1681n(a)(2).

48.    Plaintiff and Class are entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

### COUNT THREE: Procuring Investigative Consumer Reports Without Providing Necessary Disclosures
### 15 U.S.C. §1681d(a)(1)(B)

49.    Plaintiff and the Class members re-allege and incorporate by reference all of the preceding allegations of law and fact contained in this Complaint that preceded this count for relief as if fully set forth herein.

50.    MSI procured investigative consumer reports for employment purposes on Plaintiff and the Class members. These reports were procured without first providing Plaintiff or any Class member disclosures that included a statement informing them of their right to request additional disclosures as to the

nature and scope of the investigative report in violation of U.S.C. §1681b(b)(2)(A)(i).

51.    MSI's violations were willful. MSI acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under U.S.C. §1681b(b)(2)(A)(i).

52.    Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. §1681n(a)(1)(A).

53.    Plaintiff and Class are entitled to punitive damages in an amount to be determined by the jury, pursuant to 15 U.S.C. §1681n(a)(2).

54.    Plaintiff and Class are entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully prays for relief as follows:

A.    A Determination that this action may proceed as a class action under Rule 23(b)(3) of the governing rules of civil procedure and an order certifying the proposed class.

24

B.    An Order Designating Plaintiff as the Class Representative and designated Plaintiff's Counsel as counsel for the Class;

C.    An Order Issuing proper notice to the Class at MSI's expense;

D.    An Order declaring that MSI acted willfully or with reckless disregard of Plaintiff and the Class Member's rights and MSI's obligations under the FCRA;

E.    An award of Award Statutory damages in the amount of not less than $100 and not more than $1,000 per violation for each Class member, pursuant to 15 U.S.C. § 1681n(a)(l);

F.    An Award Punitive damages to be determined by jury, pursuant to 15 U.S.C. § 1681n(a)(2);

G.    Alternatively, in accordance with Rule 23(c)(4), an order certifying the Class on the issue that MSI's conduct was negligent pursuant to 15 U.S.C. § 1681o;

H.    Award Reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3); and

I.    Grant such other relief, either in law or in equity, as this Court may consider appropriate and just.

25

## JURY TRIAL DEMANDED

Plaintiff and the Class demand a trial by jury as to all issues so triable.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By:   /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
Kris Skaar
Georgia Bar No. 649610
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone:  (770) 427-5600
Facsimile:   (404) 601-1855

James M. Feagle
Georgia Bar No. 256916
Cliff R. Dorsen
Georgia Bar No. 149254
Chelsea R. Feagle
Georgia Bar No. 110863
2374 Main Street, Suite B
Tucker, GA 30084
Telephone:  (404) 373-1970
Facsimile:   (404) 601-1855

**O'TOOLE, McLAUGHLIN, DOOLEY & PECORA CO., LPA**

Matthew A. Dooley (OH 0081482)
*(Application for Pro Hac Vice forthcoming)*
5455 Detroit Road
Sheffield Village, Ohio  44054
Tel:         (440) 930-4001
Facsimile:  (440) 930-7208
Email:      mdooley@omdplaw.com

26

STATE COURT OF
DEKALB COUNTY, GA
4/8/2021 6:04 PM
E-FILED
BY: Siana Smith